IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-516-WDS |
| | ) |
| LISA J. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 2). Based on the financial information provided with his motion, the Court finds that Petitioner is unable to pay the $5 filing fee due for commencing this habeas action. Therefore, Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the lack of action on the charge that he violated the terms and conditions of his supervised release. Petitioner seeks immediate dismissal of these charges. Alternatively, Petitioner seeks a resolution of these charges on terms favorable to him.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that the petition cannot be summarily dismissed at this time.

**BACKGROUND**

In February 1994, Petitioner pleaded guilty before the Honorable William L. Beatty, United States District Judge for the Southern District of Illinois, to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See United States v. Mitchell*, Case No. 93-cr-30132 (S.D. Ill.). In July 1994, Judge Beatty sentenced Petitioner to 135 months imprisonment and 8 years of supervised release. It appears that Petitioner was released from prison and commenced his term of supervised release in April 2004. In 2005, Petitioner's criminal case was re-assigned from Judge Beatty to the undersigned District Judge.

In 2006, Petitioner - now using the alias "Daniel O Sierra-Quezada" - was charged in federal court in California with two counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Sierra-Quezada*, Case No. 06-cr-1582 (S.D. Cal.). Petitioner pleaded guilty to these charges and, in 2007, was sentenced to 95 months imprisonment and 5 years supervised release. *Id*.

Unfortunately for Petitioner, the 2006 methamphetamine charges also constituted a violation of the terms of his supervised release on his 1994 sentence. Not surprisingly, the Government filed a motion with this Court to revoke Petitioner's supervised release. *United States v. Mitchell*, Case No. 93-cr-30132 (S.D. Ill.) (motion to revoke supervised release filed Aug. 4, 2006). This Court, however, transferred jurisdiction over Petitioner's supervised release to the United States District

Court for the Southern District of California. *Id.* (Transfer of Jurisdiction filed November 27, 2006). It appears, though, that the Southern District of California took no further action on the motion to revoke Petitioner's supervised release. *See United States v. Mitchell*, Case No. 06-cr-7041 (S.D. Cal.). Indeed, this Court's review of the Southern District of California's electronic docket indicates that the motion to revoke Petitioner's supervised release may never have been properly entered into their system.

Petitioner claims that too much time has passed since 2006 - when he was charged with the methamphetamine offenses - for any court to conduct any proceeding to revoke his supervised release on his 1994 sentence. Additionally, Petitioner claims that he was not provided sufficient notice of the alleged supervised release violation. Accordingly, Petitioner seeks "termination [of] the revocation" proceedings. Alternatively, if his supervised release is revoked by some court, Petitioner asks that he be sentenced to "a term of no more than 4-years to run concurrent with [his 2007 sentence] and . . .that the term be applied retroactively to April 26, 2007."

**DISPOSITION**

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. In addition to addressing the merits of the instant petition, the Respondent shall also address the status of the proceeding to revoke Petitioner's supervised release with respect to the 1994 sentence.

**IT IS FURTHER ORDERED** that service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED**.

**DATED: September 17, 2010.**

                                                         **s/ WILLIAM D. STIEHL**
                                                           **DISTRICT JUDGE**