IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOMMY MITCHELL,
a/k/a Daniel O Sierra-Quezada,

Petitioner,

vs.

LISA J W HOLLINGSWORTH,

Respondent.                                No. 10-cv-516-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, Chief District Judge:

I. INTRODUCTION

Petitioner Tommy Mitchell, currently incarcerated at Marion U.S. Penitentiary (Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner claims too much time has passed for the Southern District of California to proceed on a motion for revocation of supervised release filed on August 4, 2006. However, since the filing of petitioner's instant claims, the relevant motion has been transferred back to the Southern District of Illinois where judgment was entered. Thus, as explained more fully below, petitioner's petition is **DISMISSED** as **MOOT**.

II. PETITIONER'S CLAIMS ARE MOOT

Petitioner has a 1994 conviction in the U.S. District Court for the Southern District of Illinois under the alias of Tommy Mitchell for possession and intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 15,

1994, he was sentenced to 135 months' imprisonment. *See United States v. Mitchell*, 93-cr-30132-WDS-1. Petitioner was released from prison in April 2004 and began serving his 8-year term of supervised release. Two years later, he was indicted in the Southern District of California on two counts of distributing methamphetamine. 21 U.S.C. § 841(a)(1). Thus, petitioner's probation officer in Illinois petitioned to revoke his supervised release in August 2006. However, petitioner's supervised release jurisdiction, and the petition to revoke it, was thereafter transferred to the Southern District of California. *See United States v. Tommy Mitchell*, 06-cr-7041 (S.D. Cal.). Petitioner pleaded guilty to the California drug charges and he received a sentence of 95 months' imprisonment and a new term of 5 years' supervised release. *See United States v. Daniel Omar Sierra-Quezada*,06-cr-1582 (S.D. Cal.).

Notably, the district court in California never resolved the pending motion to revoke petitioner's original term of supervised release, which remained pending for over four years. Due to this delay, petitioner filed the instant petition. Petitioner instantly alleges too much time has passed for the Southern District of California to proceed on the motion and seeks either termination of the revocation motion or an Order of this Court imposing a term of 4 years supervised release to run concurrent to his criminal sentence in 06-cr-1582 (S.D. Cal.). However, since the filing of petitioner's instant claims, the motion to revoke petitioner's original term of supervised release has been transferred back to the Southern District of Illinois where U.S. District Judge William D. Stiehl revoked his supervision and

imposed a term of 51 months' reimprisonment. Thereafter, petitioner appealed. However, once appointed counsel concluded the case was frivolous and sought leave to withdraw, the Seventh Circuit granted petitioner's counsel's request and thus dismissed petitioner's appeal. *See United States v. Tommy Mitchell,* No. 11-1984 (7th Cir. Feb. 23, 2012).

On the basis of the above findings, petitioner's instant grievances are clearly moot. The Court cannot grant petitioner the remedy he seeks. The revocation motion he complains of has since been transferred back to this district where judgment was entered and made final. *See generally Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Bernstein v. Bankert,* 702 F.3d 964, 993 (7th Cir. 2012).

### III.  CONCLUSION

Thus, the Court **DISMISSES** this petition as **MOOT**. Petitioner's claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Signed this 12th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.12 13:12:13 -06'00'

**Chief Judge**
**United States District Court**